CANNON RIVER MANUFACTURING ASSOCIATION *vs*. COUNTY OF RICE.

December 2, 1884.

Land-Grant—Taxation of Proceeds of Sales.—The lands set apart and conveyed by the state to the Cannon River Improvement Company, in pursuance of chapter 244, Sp. Laws 1877, became the absolute property of the company, and the proceeds of the sales thereof retained in its possession are subject to assessment and taxation as in other cases.

Appeal by plaintiff from an order of the district court for Rice county, *Buckham,* J., presiding, overruling a demurrer to the answer.

*Geo. N. Baxter,* for appellant.

*Thos. H. Quinn,* for respondent.

VANDERBURGH, J. The plaintiff corporation sold and converted into money certain lands, turned over and conveyed to it by the governor in pursuance of "An act to transfer a grant from the Cannon River Improvement Company to the Cannon River Manufacturing Association," approved March 1, 1877. (Sp. Laws 1877, *c.* 244.) The question here presented is whether such funds, in plaintiff's possession, are subject to assessment and taxation as other property of the association. As appears by the terms of the act, the lands in question

were set apart and conveyed to the plaintiff, "a corporation composed of the proprietors of mills on Cannon river," for "the purpose of developing the water-powers and manufacturing resources of" the same, and the governor was thereby authorized "to convey" such lands "to said company, taking back from the said company a bond in at least the penal sum of $150,000, conditioned for the faithful application of the proceeds of said lands." It is insisted in argument, as a ground of exemption, that the plaintiff holds the funds derived from the lands as trustee, and is required to disburse the same for the purposes of the internal improvements contemplated by the act for the benefit of the public. But it is a satisfactory answer to this that the title to the lands and money passed absolutely to the plaintiff, a private corporation, and the improvements are made for its benefit, and become private and not public property. *Town of Mitchellville* v. *Supervisors,* 21 N. W. Rep. (Iowa,) 31. The grant is made in consideration of the general benefit assumed to be derived by the state from such improvements, and does not differ in principle from similar grants made to aid in the construction of railroads. Nor is it material, as respects the question here involved, whether the improvements and expenditures should precede the conveyance, as was the case in the original grant of these lands, (Sp. Laws 1865, *c.* 67,) or whether, as in this case, the state should require security, upon the conveyance, for the fulfilment of the conditions of the grant. The title and private ownership of the lands became complete in the company; as much so, upon being conveyed on the condition of the execution of the bond, as if the company had purchased the lands, and had been obliged to secure the price or consideration by a bond for such purpose. In the original act the land was specially made taxable, and there is no saving clause exempting it in the act of 1877. The lands being taxable, their proceeds, while held by plaintiff, are also taxable.

Order affirmed.